IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| EDWARD GROSS, | ) |
| Plaintiff, | ) ) ) |
| | ) Case No. 1:23-cv-383 |
| v. | ) ) |
| MVB BANK, INC. d/b/a CREDIT KARMA MONEY, | ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

NOW COMES the Plaintiff, EDWARD GROSS, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, MVB BANK, INC. d/b/a CREDIT KARMA MONEY, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act (hereinafter, "EFTA"), 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. EDWARD GROSS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Greenwood, County of Johnson, State of Indiana.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1693a(6).

6. At all relevant times, Plaintiff had an asset account in his name with Defendant (hereinafter, "Plaintiff's Credit Karma Account").

7. At all relevant times, Plaintiff's MVB Credit Karma Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

8. At all relevant times, Plaintiff's Credit Karma Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

9. MVB Bank, Inc. d/b/a Credit Karma Money, (hereinafter, "Defendant") is a business entity that conducts business within the State of Indiana. Defendant is incorporated in the State of Indiana OR Defendant's principal place of business is located in the State of West Virginia.

10. At all relevant times, Defendant was a bank that held Plaintiff's Credit Karma Account.

11. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(9).

13. At all relevant times, unknown third parties received funds from Credit Karma Account, including Forest Lawn Cemetery, Secure Self Storage, and Greenwood SST, which were transferred to these parties via an electronic terminal, telephonic instruction or computer or magnetic tape after these third parties instructed Defendant to transfer funds to unknown third parties from Plaintiff's Credit Karma Account.

## IV. ALLEGATIONS

14. On or about March 11, 2022, $240.00 was debited from Plaintiff's Credit Karma Account by Forest Lawn Cemetery.

15. On or about March 19, 2022, $500.00 was debited from Plaintiff's Credit Karma Account by Secure Self Storage, in Avon, IN.

16. On or about March 21, 2022, $93.85 was debited from Plaintiff's Credit Karma Account by Greenwood SST-249, apparently a fueling station.

17. Prior to March 11, 2022, Plaintiff was not aware of the circumstances relating to the debit of funds from Plaintiff's Credit Karma Account on March, 11, 19 and 21, 2022, by these third parties.

18. Plaintiff did not provide these third parties with consent to debit funds from Plaintiff's Credit Karma Account on March 11, 19 and 21, 2022.

19. Plaintiff did not provide Defendant with consent for these third parties to debit funds from Plaintiff's Credit Karma Account on March 11, 19 and 21, 2022.

20. Prior to March 01, 2022, Plaintiff was not aware that $833.85 was to be debited from Plaintiff's Credit Karma Account by the third parties as delineated above.

21. On March 21, 2022, Plaintiff became aware that $833.85 was debited from Plaintiff's Credit Karma Account by the above third parties.

22. Plaintiff immediately, on March 21, 2022, provided Defendant with written notice that he disputed the aforementioned debit of funds by the aforementioned third parties relative to Plaintiff's Credit Karma Account.

23. On March 21, 2022, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiff's Credit Karma Account, such as:

    a. Plaintiff's Credit Karma Account number;

      b.      Plaintiff's personal identifying information;

      c.      The name under which Plaintiff's Credit Karma Account was registered;

      d.      The date of the transaction which Plaintiff disputed relative to Plaintiff's Credit Karma Account;

      e.      The amount of the transaction which Plaintiff disputed relative to Plaintiff's Credit Karma Account; and,

24. On March 21, 2022, Plaintiff provided Defendant with notice that he believed the debit of funds by Forest Lawn Cemetery, Secure Self Storage, and Greenwood SST relative to Plaintiff's Credit Karma Account on March 11, 19 and 21, 2022 were unauthorized electronic transfers of funds from Plaintiff's Credit Karma Account.

25. On March 21, 2022, Plaintiff informed Defendant that he did not provide these third parties with consent to debit funds from Plaintiff's Credit Karma Account on March 11, 19 and 21, 2022.

26. Plaintiff provided Defendant with notice of the circumstances as to why Plaintiff believed the debit of funds by unknown third parties on March 11, 19 and 21, 2022, was carried out in error, such as:

      a.      Plaintiff never authorized the debit of funds from Plaintiff's Credit Karma Account;

      b.      Plaintiff never provided any of these third parties with permission, consent or authority to debit funds from Plaintiff's Credit Karma Account;

      c.      Plaintiff did not have any accounts or business with the entities that debited funds from Plaintiff's account.

      d.      Plaintiff did not provide any other person a card, code, key or any other means of access into his Credit Karma Account.

27. On or about March 22, 2022, Defendant provided Plaintiff a provisional credit in the amount of $833.85 and advised Plaintiff it would continue to investigate Plaintiff's claims.

28. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiff.

29. On or about April 8, 2022, Defendant informed Plaintiff that after completing its investigation, it has determined that these charges were charges authorized by Plaintiff, and therefore no fraud occurred.

30. On or about April 11, 2022, Defendant removed the $833.85 from Plaintiff's account, leaving Plaintiff's account overdrawn.

31. In order to make up for the overdraft, Defendant took from Plaintiff $819.00 that came in to the account as automatic deposits on or after April 11, 2022.

32. To date, Defendant has not sufficiently reported the result of any putative investigation it conducted relative to the error complained of by Plaintiff.

33. Defendant has failed to conduct any reasonable investigation into Plaintiff's claims of errors on his account, or Defendant has come to a conclusion that no reasonable person could have come to given the information in its possession at the time.

34. Presently, Plaintiff remains without the $1,652.85 lost from his Credit Karma Account.

35. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

36. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(e)(2).

37. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiff, EDWARD GROSS, by and through his attorneys, respectfully prays for respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A);

    c.    Plaintiff's attorneys' fees and costs; and,

    d.    Any other relief deemed appropriate by this Honorable Court.

### V. JURY DEMAND

38.    Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,
**EDWARD GROSS**

By:    s/ David M. Marco
       Attorney for Plaintiff

Dated: March 3, 2023

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
5250 Old Orchard Rd, Suite 300
Skokie, IL 60077
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:       dmarco@smithmarco.com